IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20911
Summary Calendar
_____

UNITED STATES OF AMERICA

            Plaintiff - Appellee

    v.

MIGUEL ANGEL RODRIGUEZ, JR.

            Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-166-ALL
--------------------
October 3, 2001

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Miguel Angel Rodriguez, Jr., challenges the district court's denial of his motion to suppress.  Rodriguez contends that the police did not have a reasonable suspicion to justify the stop of the car in which he was riding and his subsequent arrest. Rodriguez contends also that because he was unlawfully arrested, the Government must show that the taint from the seizure was purged in order for his inculpatory statement to have been admissible.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An officer may stop a motor vehicle and detain its occupants for investigation provided that he has "a reasonable suspicion of criminal activity." *United States v. Harrison*, 918 F.2d 469, 472 (5th Cir. 1990) (citing *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968)). Officers conducting a lawful investigatory stop of a vehicle may order the driver and the passengers to exit the vehicle pending completion of the stop. *Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997).

The police officers had received information dispatched via police channels that provided a reasonable suspicion justifying the investigatory stop and the order for Rodriguez to exit the vehicle. *See Wilson*, 519 U.S. at 414-15; *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999). The record supports the determination that Rodriguez demonstrated signs of intoxication and that the police officers acted reasonably in arresting Rodriguez. *See* Tex. Penal Code Ann. § 49.02(a) (Vernon 1989).

Rodriguez stipulated at his bench trial that he knowingly possessed an unregistered shotgun that was in good operating condition and that had a barrel length of sixteen inches. Rodriguez is bound by the terms of the stipulation. *See United States v. Alvarado Garcia*, 781 F.2d 422, 428 (5th Cir. 1986).

The district court did not err in denying Rodriguez's motion to suppress. The judgment of the district court is AFFIRMED.